IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RANDALL FULTON, | : |
| Plaintiff, | : |
| V. | : NO. 5:24-cv-00292-TES-CHW |
| JEREMY FOSTON, *et al.*, | : |
| Defendants. | : |

## ORDER & RECOMMENDATION

Plaintiff Randall Fulton, a prisoner in Hancock State Prison in Sparta, Georgia, filed a civil rights complaint under 42 U.S.C. § 1983. Compl., ECF No. 1. Plaintiff also filed a motion to proceed *in forma pauperis* and a motion for a temporary restraining order. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2; Mot. for TRO, ECF No. 3. Because Plaintiff failed to sign his complaint, he was issued a notice requiring him to submit a signed complaint, which he has now done. Attach. to Compl., ECF No. 1-2.

As set forth below, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**, and Plaintiff is **ORDERED** to file a recast complaint consistent with this order if he wants to proceed with this case. It is also **RECOMMENDED** that Plaintiff's motion for a temporary restraining order be **DENIED**.

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

As an initial matter, Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2; Prisoner Trust Fund Account Statement, ECF No. 7. As it

appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.     Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to Hancock State Prison. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution

until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.     Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.     Standard of Review

The PLRA obligates the district courts to conduct a preliminary screening of every

complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding *in forma pauperis*. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). Pro se pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*,

550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II. Factual Allegations and Order to Recast

At various points in the complaint, Plaintiff asserts that he filed grievances because Ms. Bonner tried to make him work when he was medically restricted and because the kitchen did not have a working "tray and cup machine" to sanitize dishes. Attach. to Compl. 12-14, ECF No. 1-2. As a result of his grievances, Plaintiff contends that Ms. Bonner and others have tried to kill him by giving him food poisoning or by failing to give him his required 3000-calorie-a-day diet. *Id.* Plaintiff states that he feared for his life and voluntarily went into a segregation unit, where he has been held in an unventilated cell without medical attention for two months. *Id.* at 13-14.

Plaintiff's complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff does not provide sufficient information regarding the circumstances of his claims. For instance, although Plaintiff asserts that he was medically restricted from working after having three back surgeries, he does not include any information regarding when he had such surgery, what Bonner did to try to make him work, how he communicated with her that he could not, or the outcome of any exchange between them. Similarly, Plaintiff asserts that Bonner stopped giving him his medically required diet, but he does not provide any information about why he needs a 3000-calorie diet, what Bonner knew about this diet, or what diet he was given instead. Plaintiff also contends that he was intentionally given food poisoning, that a doctor refused to treat him, and that Counselor Ford was abusive and disrespectful, but these allegations are all made in a broad and conclusory manner, such that it is not possible to evaluate Plaintiff's claims for relief.[1]

Therefore, Plaintiff is now **ORDERED** to recast his complaint consistent with this order if he wants to proceed with this action. In recasting the complaint, Plaintiff shall clearly identify those individuals he wishes to include as named defendants in this case. If he cannot provide the names of the individual defendants, Plaintiff must provide as much identifying information as he can to allow the Court to consider his claims.

---

[1] Plaintiff has filed a supplement with regard to his claims, but the supplement suffers from similar problems as the original. *See* Suppl., ECF No. 5.

In the statement of claims, Plaintiff must clearly and concisely explain what each individual defendant did or did not do that Plaintiff believes violated his constitutional rights. If Plaintiff asserts a claim but does not connect that claim to any defendant, that claim will be subject to dismissal. Likewise, if Plaintiff names a defendant but does not allege any facts to show what the defendant did, that defendant will be subject to dismissal. To that end, it is recommended that, when drafting his statement of claims, Plaintiff set forth a statement of the relevant facts and also list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's authority or role in the unconstitutional conduct? Is he a supervisory official? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2) *When* and *where* did each action occur (to the extent memory allows)?

(3) *How* were you injured as a result of this defendant's actions or decisions? If your injury is related to a change in the conditions of your confinement, please describe how those conditions differ from those in general population. If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5) *What* did this defendant do (or not do) in response to this knowledge?

(6) *What* relief you seek from this defendant?

Plaintiff should state his claims as simply as possible; he also need not use legal terminology or cite any specific statute or case law to state a claim. *See* Fed. R. Civ. P. 8.

7

The recast complaint will take the place of and supersede Plaintiff's prior complaint, such that the Court will not look back to the original complaint to determine whether Plaintiff has stated a claim. Therefore, Plaintiff should take care to include all relevant factual allegations in his recast complaint.

Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to file his recast complaint as ordered herein. Plaintiff's failure to fully and timely comply with this order may result in the dismissal of this case. Additionally, while this case is pending, Plaintiff must promptly inform the Court in writing as to any change in his mailing address.

## MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff has filed a motion for a temporary restraining order. Mot. for TRO, ECF No. 3. In this motion, Plaintiff asserts that he is a sixty-year-old, disabled inmate, and that the staff at the prison are trying to kill him. *Id.* at 1. In support of this contention, Plaintiff states that he is being held in a lockdown unit that is unfit for him, as he needs to be put into a one-man cell. *Id.*

A temporary restraining order ("TRO") or preliminary injunction is a drastic remedy used primarily to preserve the status quo rather than to grant most or all of the substantive relief sought in the complaint. *See, e.g., Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982).[2] Factors a movant

---

[2]The standard for obtaining a TRO is the same as the standard for obtaining a preliminary injunction. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam); *Windsor v. United States*, 379 F. App'x 912, 916-17 (11th Cir. 2010) (per curiam).

must show to be entitled to a TRO include: "(1) a substantial likelihood of ultimate success on the merits; (2) the TRO is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO would inflict on the non-movant; and (4) the TRO would serve the public interest." *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (per curiam).

Plaintiff's motion contains minimal factual allegations and does not address the factors to be considered for such a motion. At this stage, Plaintiff has not sufficiently shown a "substantial likelihood of success on the merits" to warrant a TRO, as Plaintiff's allegations are largely broad and conclusory. Moreover, he has yet to identify any objective evidence to support his allegations. The Court cannot conclude based solely on Plaintiff's unsupported allegations that he has a substantial likelihood of success on the merits.

Plaintiff has, for the same reason, failed to allege facts showing that a TRO is necessary to prevent irreparable injury, that any threatened injury outweighs any harm to defendants, or that a TRO would serve the public interest. Plaintiff's motion, therefore, falls short of meeting the prerequisites for issuance of a temporary restraining order or preliminary injunction, and it is **RECOMMENDED** that the motion be **DENIED**.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this order and recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this order

and recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## CONCLUSION

As discussed above, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**, and Plaintiff is **ORDERED** to recast his complaint consistent with the instructions in this order. Plaintiff shall have **FOURTEEN (14) DAYS** to file his recast complaint. His failure to do so, or to otherwise fully and timely comply with this order, may result in the dismissal of this case. Additionally, it is **RECOMMENDED** that Plaintiff's motion for a TRO be **DENIED**.

The Clerk is **DIRECTED** to forward Plaintiff a new 42 U.S.C. § 1983 complaint form along with his service copy of this order (with the civil action number showing on both). There will be no service until further order of the Court.

**SO ORDERED and RECOMMENDED**, this 25th day of October, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge