IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **RANDALL FULTON,** *Plaintiff,* v. **JEREMY FOSTON,** *et al.* *Defendants.* | **CIVIL ACTION NO.** **5:24-cv-00292-TES-CHW** |

### ORDER

Plaintiff Randall Fulton filed this action alleging various challenges to his treatment at Hancock State Prison. *See generally* [Doc. 1]. Upon review of Plaintiff's Motion to Proceed *In Forma Pauperis* [Doc. 2], Magistrate Judge Weigle granted Plaintiff IFP status. [Doc. 11]. Following that decision, Judge Weigle then screened Plaintiff's Complaint as required by the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A(a). *See* [*id.*]. In his screening Recommendation and Order, Judge Weigle pointed out the pleading deficiencies of Plaintiff's Complaint and instructed Plaintiff to file a recast complaint within 14 days. [*Id.* at p. 6].

Along with his Complaint and IFP Motion, Plaintiff also filed a Motion for Temporary Restraining Order [Doc. 3] because "he is being held in a lockdown unit that is unfit for him, as he needs to be put into a one-man cell." [Doc. 3, p. 1]. Judge Weigle reviewed Plaintiff's TRO Motion and concluded that "failed to allege facts showing that

a TRO is necessary to prevent irreparable injury, that any threatened injury outweighs any harm to defendants, or that a TRO would serve the public interest." [Doc. 11, p. 9]. Therefore, Judge Weigle recommended that this Court deny Plaintiff's TRO Motion.

Judge Weigle informed Plaintiff of his right to file objections to the Recommendation and Order within 14 days. [*Id.* at pp. 9–10]. On November 13, 2024, Plaintiff filed a "Motion to Object and Recommend a Change of Venue from Judge Charles H. Weigle Federal Court Room." [Doc. 13]. The Court construes Plaintiff's filing as an objection to Judge Weigle's Recommendation, and a Motion to Recuse Judge Weigle.

**I.  Recusal**

Recusal in a federal case is governed by two statutes, 28 U.S.C. § 144 and 28 U.S.C. § 455. Plaintiff doesn't identify either in his motion. However, because he did not supply the affidavit required by § 144 and because he is proceeding pro se and, therefore, cannot supply the certificate of counsel also required by § 144, the Court only evaluates his motion under § 455. *See* 28 U.S.C. § 144; *Middlebrooks v. Macon-Bibb Cnty.*, No. 5:23-cv-00083-TES, 2024 WL 555884, at *7 (M.D. Ga. Feb. 12, 2024) (quoting *Williams v. N.Y.C. Housing Auth.*, 287 F.Supp.2d 247, 249 (S.D.N.Y. Sept. 25, 2003)) ("A pro se party cannot supply a certificate of counsel.").

Under § 455(a), a judge shall recuse himself in any proceeding in which his impartiality might reasonably be questioned. *United States v. Gelin*, No. 21-11091, 2022

WL 10220112, at *2 (11th Cir. Oct. 18, 2022). While § 455 does not require an affidavit, the test is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Id.* (citing *United States v. Kelly*, 888 F.2d 732, 744–75 (11th Cir. 1989)); *see also Middlebrooks*, 2024 WL 555884, at *8 (citing *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1329 (11th Cir. 2002)) (per curiam). "The allegation of bias must show that 'the bias is personal as distinguished from judicial in nature.'" *Gelin*, 2022 WL 10220112, at *2 (quoting *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)).

Here, Plaintiff argues that recusal is warranted because Judge Weigle failed to exercise his duties to investigate Plaintiff's situation before denying him protection. [Doc. 13, p. 1]. As an initial matter, "[f]ederal courts do not investigate, the sole function of a court is to determine the facts and law presented to it in a lawsuit." *Glenn v. Culpepper*, No. 4:07-CV-534-SPM/AK, 2008 WL 817078, at *1 (N.D. Fla. Mar. 25, 2008).

Even more, judicial rulings "cannot serve as the basis for recusal or cast doubts on impartiality unless [the moving party] establishes pervasive bias and prejudice." *Jones v. Commonwealth Land Title Ins. Co.*, 459 F. App'x 808, 811 (11th Cir. 2012) (citing *United States v. Archbold-Newball*, 554 F.2d 665, 682 (5th Cir. 1977)).[1] And, as far as

---

[1] The decisions handed down prior to the close of business on September 30, 1981, by the United States Court of Appeals for the Fifth Circuit (the 'former Fifth' or the 'old Fifth') "shall be binding as precedent in the Eleventh Circuit" for the court of appeals, the district courts, and the bankruptcy courts. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

pervasive bias goes, it is well established that adverse rulings do not constitute pervasive bias. *Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983); *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) ("Ordinarily, a judge's rulings in the same or a related case may not serve as the basis for a recusal motion."). Plaintiff's recusal Motion does no more than complain about Judge Weigle's Recommendation and instruction to recast the operative Complaint. That is a far cry from the necessary showing required to recuse Judge Weigle from this matter. Accordingly, Plaintiff's Motion to Recuse [Doc. 13-1] is **DENIED**.

## II.    Objections

After the magistrate judge files his proposed findings and recommendations, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court[]" and that "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Thus, "[a]fter a magistrate judge has issued a report and recommendation under [28 U.S.C.] § 636(b)(1)(B), a party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009).

Plaintiff's Objections do not clearly address Judge Weigle's Recommendation to deny Plaintiff's TRO Motion. Instead, Plaintiff makes general allegations regarding

4

Judge Weigle's "refus[al] to honor the true justice of the United States laws"—allegations handled in the above discussion of Plaintiff's recusal Motion. [Doc. 13, p. 1]. In sum, Plaintiff's Objections do not "pinpoint the specific findings that [he] disagrees with." *Schultz*, 565 F.3d at 1360. Accordingly, the Court **ADOPTS** Judge Weigle's Recommendation and **MAKES IT THE ORDER OF THE COURT**. Therefore, the Court **DENIES** Plaintiff's TRO Motion [Doc. 3].

### III.     Failure to Follow Court Order

Further, Judge Weigle clearly instructed Plaintiff to recast his Complaint "consistent with the instructions in [the] order" within 14 days. [Doc. 11, p. 10]. Judge Weigle also warned Plaintiff that "failure to do so, or to otherwise fully and timely comply with this order, may result in the dismissal of this case." [*Id.*]. Instead of properly following Judge Weigle's instructions, Plaintiff decided to ignore the Order and file frivolous claims of bias and unfair treatment. Plaintiff clearly intends to prosecute this case on his terms—not according to the Federal Rules of Civil Procedure or this Court's Orders.

Since Plaintiff failed to follow Judge Weigle's instructions and recast his Complaint in the required timeframe, the Court **DISMISSES** his Complaint [Doc. 1] **without prejudice**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The

[C]ourt may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order."). Plaintiff's Motion for Warrant of Arrest [Doc. 13], Motion for Hearing [Doc. 10], and Motion for TRO [Doc. 9] are **DENIED as moot**.

**SO ORDERED**, this 14th day of November, 2024.

S/ Tilman E. Self, III  
**TILMAN E. SELF, III, JUDGE**  
**UNITED STATES DISTRICT COURT**